OPINION
{¶ 1} Plaintiff-appellant, Craig G. Prohazka, appearing pro se, appeals from a judgment of the Franklin County Court of Common Pleas in favor of defendants-appellees, the Cleveland Clinic Foundation ("Cleveland Clinic"), Dr. Jacob Palomaki, Dr. Pamela Jelly-Bowers, Dr. Kathy Shy, Dr. Seth Kantor, Dr. Brian Bowyer, Dr. James Hoekstra, Dr. Thomas Mauger, Dr. Roy St. John, and Dr. Mary McIlroy. For the reasons that follow, we affirm the trial court's judgment.
 {¶ 2} The instant appeal arises from plaintiff's dismissal from The Ohio State University College of Medicine ("OSU"). The facts underlying plaintiff's dismissal are set forth in a previous opinion of this court rendered in Prohazka v. OhioState Univ. Bd. of Trustees (Dec. 16, 1999), Franklin App. No. 99AP-2:
[P]laintiff was a medical student at OSU from August 20, 1992, until June 14, 1995. For his third year of medical school, plaintiff chose a program OSU offered in cooperation with the Cleveland Clinic. The program allowed plaintiff to complete his clinical rotations, the bulk of a third-year medical student's work, at the Cleveland Clinic and Fairview Hospital in Cleveland.
On December 12, 1994, OSU informed plaintiff he received a grade of unsatisfactory for the obstetrics/gynecology rotation he had just completed. Plaintiff unsuccessfully appealed the grade to the grading committee on January 23, 1995. On December 12, 1995, a hearing was held before the Student Review Subcommittee. Following the hearing, the members of the Student Review Subcommittee unanimously voted to dismiss plaintiff from medical school. Plaintiff was informed of the decision in a January 22, 1995 letter from the Student Review Subcommittee chairperson, Dr. Kathy Shy.
On February 9, 1995, the Clinical Academic Standing Committee met to hear plaintiff's appeal from the decision of [the] Student Review Subcommittee. On February 13, 1995, the Clinical Academic Standing Committee notified plaintiff that all of his third year credit was being revoked, that he was being suspended from further participation in the normal course of study, and that he would be dismissed from OSU unless he agreed to (1) embark on a three-month unaccredited course of education with a mentor/tutor, (2) repeat the entire third year of medical school, and (3) submit to all recommendations and interventions suggested by a psychiatrist for an indefinite period of time. Plaintiff refused to accede to those conditions, and on June 14, 1995, the Academic Review Board dismissed plaintiff from OSU.
 {¶ 3} In June 1997, plaintiff filed a 95 paragraph complaint in the Franklin County Court of Common Pleas against defendants, the OSU Board of Trustees, Fairview Hospital and several additional physicians. Plaintiff's complaint contains claims of constitutional and state law violations arising out of his dismissal from medical school.[1] Following a motion for summary judgment by Fairview Hospital and motions to dismiss by the other named defendants, the trial court dismissed all of plaintiff's claims.
 {¶ 4} Plaintiff appealed the dismissals to this court. In two separate opinions, this court affirmed the dismissal of all of the claims against the OSU Board of Trustees, Fairview Hospital and nine other physicians. See Prohazka, supra, and Prohazkav. Ohio State Univ. Bd. of Trustees (June 7, 2001), Franklin App. No. 01AP-100 (Memorandum Decision).
 {¶ 5} Plaintiff's claims which remain at issue are (1) constitutional claims under Section 1983, Title 42, U.S. Code alleging violations of plaintiff's right to privacy by Dr. Jelly-Bowers, violations of plaintiff's right to due process of law by Drs. Palomaki, Kantor, and McIlroy, and violations of plaintiff's right to freedom of speech by Drs. Shy, Bowyer, Hoekstra, Mauger, and St. John; and (2) state law claims against the Cleveland Clinic for tortious interference with a contract, conspiracy to tortiously interfere with a contract, arbitrary and capricious grading, conspiracy to grade arbitrarily and capriciously, fraud, and breach of doctor-patient confidentiality, all premised on the theory that the Cleveland Clinic is vicariously liable for the conduct of the doctors on its staff who evaluated and graded plaintiff's performance as a medical student.
 {¶ 6} After the case was remanded to the trial court, the case schedule was modified by agreed order filed May 4, 2000. A previously ordered stay of discovery was lifted, with formal discovery to commence on September 18, 2000 and continue until July 13, 2001. The order set the dispositive motion cut-off date as September 28, 2001 and the trial date as March 4, 2002.
 {¶ 7} On September 8, 2000, plaintiff served on all defendants several discovery requests, including a request for 413 admissions to the Cleveland Clinic and numerous requests for admission to the other defendants. Defendants filed a motion for a protective order, seeking to relieve them of responsibility for responding to any of plaintiff's requests for discovery on the ground that the requests were filed in violation of the stay of discovery. Defendants also sought to continue the stay of discovery in the case until October 31, 2000. The trial court granted defendants' motion for protective order and stayed discovery until October 31, 2000.
 {¶ 8} In December 2000, plaintiff served on all defendants another set of discovery requests, including interrogatories, requests for production of documents, and requests for admission. On January 26, 2001, defendants filed a motion to stay all proceedings and discovery pending the resolution of plaintiff's second appeal to this court. On January 29, 2001, plaintiff filed a motion to compel responses to his discovery requests.
 {¶ 9} On May 24, 2001 and June 18, 2001, defendants filed motions to quash subpoenas served by plaintiff and for protective orders prohibiting plaintiff from seeking discovery of several non-party witnesses.
 {¶ 10} Plaintiff, on September 4, 2001, filed a motion to extend discovery past the July 13, 2001 deadline on the grounds that the trial court had yet to rule on several outstanding motions and that counsel for defendants had failed to cooperate with plaintiff's discovery attempts.
 {¶ 11} By decision and judgment entry filed October 2, 2001, the trial court denied as moot defendants' January 26, 2001 motion to stay proceedings, denied plaintiff's January 29, 2001 motion to compel, and granted defendants' May 24, 2001 motion to quash and request for protective order. In denying plaintiff's motion to compel, the court determined that plaintiff's discovery requests did not appear to be reasonably calculated to lead to the discovery of admissible evidence as provided in Civ.R. 26(B)(1) and were unduly burdensome and oppressive.
 {¶ 12} On November 14, 2001, the trial court filed a decision and entry which, inter alia, granted defendants' June 18, 2001 motion to quash and request for protective order and granted plaintiff's September 4, 2001 motion to extend discovery. The court extended discovery to January 31, 2002.
 {¶ 13} In December 2001, plaintiff served on all defendants several discovery requests, including interrogatories, requests for admission, and requests for production of documents. On January 11 and 14, 2002, defendants filed motions for protective orders, seeking to relieve them of responsibility for responding to plaintiff's discovery requests on the ground that the current requests were substantially similar to the preceding requests, which the court had already found were not reasonably calculated to lead to the discovery of admissible evidence and were unduly burdensome and oppressive.
 {¶ 14} On January 15, 2002, several non-party witnesses filed a motion to quash the subpoenas duces tecum of plaintiff and for a protective order prohibiting plaintiff from taking their deposition testimony.
 {¶ 15} On February 15 and 19, 2002, defendants filed several notices documenting defendants' intent to take videotape depositions of two of the defendant physicians and several of the physicians who were previously dismissed from the case. Plaintiff responded with a motion for a protective order, seeking to prohibit defendants from conducting the depositions on the ground they were scheduled after the discovery cut-off date of January 31, 2002.
 {¶ 16} Pursuant to a motion filed by plaintiff on February 19, 2002, the trial court held a status conference on February 25, 2002. Shortly thereafter, on March 4, 2002, defendants filed a motion for summary judgment on all of plaintiff's claims against them.
 {¶ 17} On March 19, 2002, plaintiff filed a motion requesting a written order reciting the action taken at the February 25, 2002 status conference. By separate motion filed the same day, plaintiff requested another status conference so that the court could address defendants' alleged failure to cooperate with plaintiff's deposition requests. In his memorandum in support of that motion, plaintiff acknowledged that the court stated at the February 25, 2002 status conference that it would allow defendants to file a motion for summary judgment on March 4, 2002 and would allow plaintiff 28 days, or until April 1, 2002, to conduct additional discovery and respond to defendants' motion.
 {¶ 18} One week later, on March 26, 2002, plaintiff filed a motion to strike defendants' motion for summary judgment. Plaintiff argued that defendants' motion was untimely, as it was filed after the dispositive motion cut-off date and, despite the court's oral statement at the February 25, 2002 status conference that defendants could file a motion for summary judgment on March 4, 2002, the dispositive motion cut-off date had not been extended by either a journal entry from the trial court or by mutual agreement of the parties. Plaintiff further argued that he was unable to adequately respond to defendants' summary judgment motion because, despite the trial court's oral statement at the February 25, 2002 status conference that plaintiff would be allowed 28 days, or until April 1, 2002, to respond to defendants' motion and would order discovery to begin and continue through the 28-day response period, no journal entry recommencing discovery had been filed. Plaintiff further argued that counsel for defendants had not cooperated with plaintiff's attempts to depose several witnesses.
 {¶ 19} Citing Civ.R. 56(F), plaintiff, on April 5, 2002, moved for a continuance of the deadline for filing his memorandum contra and sought a new discovery cut-off date of May 15, 2002. In support of his motion, plaintiff contended: (1) he had not had enough time to participate in the depositions taken to date and to compose a memorandum contra; (2) he needed to take additional depositions and defendants had not cooperated in scheduling those depositions; and (3) the trial court had not, by journal entry, specified that discovery had been recommenced after it ended on January 31, 2002.
 {¶ 20} In response to plaintiff's March 19, 2002 motion, the trial court, on April 8, 2002, filed an entry journalizing the rulings issued at the February 25, 2002 status conference. In pertinent part, the court noted that trial had been rescheduled for July 23, 2002. The court further noted that it had been explained to plaintiff that the parties were permitted to conduct trial depositions at any time for parties or witnesses who were unavailable for trial and that the trial depositions noticed by defendant would go forward regardless of plaintiff's participation therein. In addition, the trial court noted that it had granted leave to plaintiff and defendants to file motions for summary judgment on or before March 4, 2002, with responses due 28 days thereafter. The court also noted that plaintiff had represented that he did not need additional discovery or depositions to respond to a motion for summary judgment filed by defendants.
 {¶ 21} In late April 2002, plaintiff subpoenaed several non-party witnesses for deposition. Defendants filed motions to quash and requests for protective orders.
 {¶ 22} On May 24, 2002, plaintiff filed a memorandum contra defendants' motion for summary judgment.
 {¶ 23} On June 7, 2002, the trial court filed a decision and entry denying plaintiff's March 26, 2002 motion to strike defendants' motion for summary judgment and denying plaintiff's April 5, 2002 motion for continuance of the deadlines for discovery and for filing his memorandum contra. The trial court found that despite the fact that at the time plaintiff filed his March 26, 2002 motion the court had not yet journalized the actions taken at the status conference, plaintiff was well aware of the deadline for filing summary judgment motions and responses thereto. The court also noted that plaintiff represented to the court at the February 25, 2002 status conference that he would not require further discovery in preparation of his memorandum contra and that defendants had voluntarily responded to plaintiff's discovery since the date of the status conference.
 {¶ 24} On April 24, 2003, the trial court filed a decision and entry granting defendants' motion for summary judgment and denying as moot all pending motions. In its decision, the trial court noted that it did not consider plaintiff's memorandum contra, as it had been filed 49 days after the deadline set by the court at the February 25, 2002 status conference and plaintiff had not requested leave to file after the deadline. The trial court filed a judgment entry journalizing its decision on May 22, 2003. Plaintiff timely appeals, assigning the following error:
The trial court erred in its April 24, 2003 granting of Motion for Summary Judgment of Defendants The Cleveland Clinic Foundation, Jacob Palomaki, Pamela Jelly-Bowers [sic], Kathy Shy, Seth Kantor, Brian Bowyer, James Hoekstra, Thomas Mauger, Roy St. John, and Mary McIlroy filed March 4, 2002.
 {¶ 25} Plaintiff's assignment of error challenges the trial court's granting of summary judgment to defendants on all of plaintiff's claims against them.
 {¶ 26} Ordinarily, our review of a trial court's grant of summary judgment requires us to determine independently whether, viewing the evidence most strongly in favor of the non-moving party, no genuine issues of material fact exist, the moving party is entitled to judgment as a matter of law, and reasonable minds could only reach a conclusion which is adverse to the non-moving party. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 65; Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711.
 {¶ 27} In the instant case, however, plaintiff does not contend that genuine issues of material fact exist or that defendants were not entitled to judgment as a matter of law. Instead, plaintiff maintains that summary judgment was inappropriate because the trial court prevented him from presenting evidence which would have created genuine issues of material fact. Specifically, plaintiff contends that the trial court: (1) erred as a matter of law in failing to consider his memorandum contra; (2) abused its discretion in the management of discovery; and (3) abused its discretion in granting defendants leave to file a motion for summary judgment after the dispositive motion deadline had passed.
 {¶ 28} Plaintiff first contends that the trial court erred in failing to consider his memorandum contra. It is clear that the trial court did not consider plaintiff's response to defendants' motion for summary judgment. The trial court's reason for not doing so, stated in its April 24, 2003 decision and entry, was that plaintiff's response was untimely, as it was filed past the April 1, 2002 deadline for filing a response to defendants' motion for summary judgment imposed at the February 25, 2002 status conference. Plaintiff contends that he was not obligated by the April 1, 2002 deadline for two reasons: (1) the trial court failed to prepare, file and promptly serve an amended case schedule including the deadline for filing a memorandum contra as required by Loc.R. 39.04(A) of the Franklin County Court of Common Pleas; and (2) the trial court did not journalize the actions taken at the February 25, 2002 status conference, including setting the April 1, 2002 deadline for filing a memorandum contra, until April 8, 2002, which was after the deadline had already passed. Assuming, arguendo, that the trial court failed to comply with Loc.R. 39.04 and/or failed to journalize the actions taken at the status conference after the April 1, 2002 deadline for filing a memorandum contra, plaintiff has failed to establish that he was prejudiced by the trial court's actions. In his March 19, 2002 motion requesting a status conference, his March 26, 2002 motion to strike defendants' motion for summary judgment and in his brief before this court, plaintiff acknowledges that at the February 25, 2002 status conference, the trial court set April 1, 2002 as the deadline for filing a memorandum contra. Further, in its April 8, 2002 entry journalizing the actions taken at the February 25, 2002 status conference, the trial court stated that it informed the parties at the status conference of the deadlines for filing motions for summary judgment and responses thereto. Plaintiff was thus well aware of the deadline for filing his memorandum contra. This court has previously held that "it is not error to rule on a summary judgment motion without considering memoranda and affidavits filed out-of-rule." Ayers v. Demas (Mar. 28, 1996), Franklin App. No. 95APE10-1296. Based upon the procedural history of this case, we cannot find that the trial court erred in failing to consider plaintiff's memorandum contra.
 {¶ 29} Plaintiff next contends that the trial court's mismanagement of the discovery process so prejudiced his ability to oppose defendants' motion for summary judgment that the trial court decision to grant summary judgment should be reversed. In particular, plaintiff contends that he was unfairly prevented from successfully opposing the summary judgment motion by (1) the trial court's failure to recommence discovery after the February 25, 2002 status conference, thereby preventing him from subpoenaing witnesses for deposition, (2) the trial court's failure to order defendants to respond to his requests for responses to interrogatories, request for production of documents and requests for admissions, (3) the trial court's granting of leave for defendants to conduct depositions after the discovery cut-off date without the agreement and/or participation of plaintiff, and (4) the trial court's failure to timely rule on discovery-related motions.
 {¶ 30} Plaintiff presented similar arguments in his first appeal to this court. In addressing those arguments, we stated:
Civ.R. 56(F) addresses the situation in which plaintiff claims to have found himself in opposing the Fairview Hospital defendants' motion for summary judgment, and it states:
Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.
Pursuant to Civ.R. 56(F), a party who believes that it is unable to adequately oppose a motion for summary judgment by affidavit must submit an affidavit to the court stating the reasons why it is unable to present facts necessary to oppose the motion for summary judgment by affidavit. If the trial court finds that the affidavit sets forth sufficient reasons for the party's inability to oppose the motion for summary judgment by affidavit, the trial court may refuse to grant summary judgment, or order a continuance to permit the party to obtain affidavits or to conduct discovery. Stewart v. Seedorff (May 27, 1999), Franklin App. No. 98AP-1049, unreported (1999 Opinions 1398). Here, plaintiff never submitted an affidavit to the trial court pursuant to Civ.R. 56(F). The trial court was without authority to provide plaintiff with relief under Civ.R. 56(F). State v.Coulverson v. Ohio Adult Parole Auth. (1991), 62 Ohio St.3d 12,14, 577 N.E.2d 352.
 {¶ 31} In the instant case, plaintiff filed a motion to continue the deadline for filing his memorandum contra pursuant to Civ.R. 56(F), claiming that he had not had enough time to participate in the depositions that had already been taken and/or to compose a memorandum contra. He also claimed that further discovery was needed without indicating what he expected the discovery to reveal. None of plaintiff's claims were supported by affidavits. Having failed to present these facts by affidavit, plaintiff's motion did not comply with the requirements of Civ.R. 56(F), and the trial court was without authority to provide plaintiff with relief under Civ.R. 56(F). Liguzinski v.Olsieski (June 26, 1986), Cuyahoga App. No. 50770; Prohazka,
supra.
 {¶ 32} Finally, plaintiff contends that the trial court abused its discretion in permitting defendants to file a motion for summary judgment after the dispositive motion cut-off date of September 28, 2001. The September 28, 2001 cut-off date was set by agreed order of the parties on May 4, 2000. On plaintiff's own motion, the court extended discovery to January 31, 2002, making it impossible for the dispositive motion cut-off date of September 28, 2001 to remain effective. Further, plaintiff has failed to establish that he was prejudiced by the trial court's action. As previously noted, plaintiff acknowledges in his March 26, 2002 motion to strike defendants' motion for summary judgment and in his appellate brief that the trial court, at the February 25, 2002 status conference, extended the deadline for filing a motion for summary judgment to March 4, 2002.
 {¶ 33} For the foregoing reasons, plaintiff's single assignment is overruled and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Bowman and Watson, JJ., concur.
[1] For a detailed recitation of all of the defendants named and the causes of action asserted in the complaint, seeProhazka, supra.