OPINION
{¶ 1} Plaintiff-appellant, Paramount Parks Inc., appeals the decision of the Warren County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Admiral Insurance Company, in a commercial liability insurance coverage action.[1]
 {¶ 2} In December 1998, Paramount entered into a contract with Roller Coaster Company of Ohio, LLC ("RCCO"), whereby RCCO agreed to provide engineering services *Page 2 
and materials for the construction of Paramount's Son of Beast Roller Coaster at Kings Island Amusement Park, in Warren County, Ohio. RCCO is a now defunct corporation and is not a party in the case before us. Following the opening (behind schedule) of the Son of Beast to the public, disputes arose between Paramount and RCCO. In November 2000, Paramount filed a complaint in the trial court against RCCO, alleging breach of contract, breach of express warranty, breach of contract/professional malpractice, breach of implied warranty, promissory estoppel, unjust enrichment, and negligence. At all relevant times, RCCO was the named insured under a commercial general liability policy issued by Admiral Insurance Company ("Admiral").
 {¶ 3} RCCO notified Admiral of the complaint and demanded that it defend and indemnify them with respect to the complaint. Admiral denied coverage and denied its duty to defend. The case was subsequently removed to, or dismissed and re-filed in, the United States District Court for the Southern District of Ohio (the "federal court"). On April 26, 2002, the federal court granted Paramount a default judgment against RCCO, and on July 25, 2005, ordered RCCO to pay $20,879,046 in damages to Paramount. In its damages judgment entry, the federal court found, inter alia, that after the Son of Beast was opened to the public, "parts of the wooden structure suffered physical injury and damage;" and that Paramount sustained damages "of not less than $2,427,649 to investigate, evaluate and repair the physical damage to and the physical damage caused by the wooden support structure of the Son of Beast."
 {¶ 4} Paramount subsequently tendered the federal court's 2005 judgment entry to Admiral who refused to pay any of it. In February 2006, Paramount filed a complaint for declaratory judgment in the trial court against Admiral. The complaint sought a declaration that the policy issued by Admiral to RCCO did provide coverage for Paramount's claims against RCCO. The complaint also alleged Admiral breached its duty to defend and *Page 3 
indemnify RCCO under the policy. The parties subsequently moved for summary judgment. On January 12, 2007, the magistrate granted summary judgment in favor of Admiral and against Paramount, stating:
 {¶ 5} "Notwithstanding the multiplicity of counts, the grav[a]men of Paramount's [original] complaint centered on [RCCO's] alleged underestimation of lumber required, failure to build according to specifications, defective design and shoddy workmanship, and failure to complete the project in a timely fashion. * * *
 {¶ 6} "The complaint filed by Paramount in this Court in 2000 set forth [causes] of action all sounding in contract. The mere allegation that a contract was breached by `negligence' will not serve to transmogrify a cause of action ex contractu into a tort. A breach of contract imposes strict liability on the breaching party and it matters not at all whether the breach was intentional or negligent.
 {¶ 7} "Paramount's 2000 complaint charged defective design, shoddy workmanship, and unreasonable delay in performance. Admiral's policy requires, to trigger coverage, an `occurrence,' i.e. `an accident, including continuous or repeated exposure to substantially the same general harmful conditions.' * * * [C]laims of defective or negligent workmanship or construction do not constitute an `occurrence' as defined by this policy. Admiral's policy is not a performance bond and Admiral was within its rights to deny coverage." (Internal citations omitted.)
 {¶ 8} On April 26, 2007, the trial court overruled Paramount's objections to the magistrate's decision and adopted the magistrate's decision as follows:
 {¶ 9} "The Magistrate's Decision grants summary judgment to [Admiral] for two reasons, either of which is sufficient: first, that [RCCO] failed to notify [Admiral] of the action that resulted in the default judgment; and second, that the claims contained in the complaint [Admiral] did receive do not fall within coverage under the policy. * * * *Page 4 
 {¶ 10} "[T]he Magistrate found, correctly, that this insurance policy [1] does not provide coverage for harm to the project itself resulting from a breach of [RCCO's] contractual duties, and [2] with respect to damages to `personal and advertising injury,' specifically excludes coverage for breach of contractual duties. * * *
 {¶ 11} "The insurance policy under Coverage A provides coverage for `property damage' resulting from an `occurrence' in the `coverage territory' during the `policy period.' Paragraphs 2(j) through (m) of the policy expressly exclude coverage for damage caused to the insured's work by the insured's failure to properly perform it. Coverage B allows coverage for personal and advertising injury liability, but excludes coverage * * * for damages arising out of a breach of contract."
 {¶ 12} This appeal follows in which Paramount raises three assignments of error.
 {¶ 13} Assignment of Error No. 1:
 {¶ 14} "THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION DENYING [PARAMOUNT'S] MOTION FOR SUMMARY JUDGMENT AND GRANTING ADMIRAL'S MOTION FOR SUMMARY JUDGMENT."
 {¶ 15} This court conducts a de novo review of a trial court's decision on summary judgment. Burgess v. Tackas (1998),125 Ohio App.3d 294, 296. A court may grant summary judgment only when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence submitted that reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C);Welco Indus., Inc. v. Applied Cos., 67 Ohio St.3d 344, 346,1993-Ohio-191.
 {¶ 16} Paramount first argues that because Admiral wrongfully denied coverage and refused to defend, Admiral is collaterally estopped from complaining about the federal court's *Page 5 
2005 damages judgment entry. We disagree.
 {¶ 17} The doctrine of collateral estoppel precludes a party from relitigating an issue of fact or law when (1) the party against whom estoppel is sought was a party or in privity with a party to the prior action; (2) there was a final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue; (3) the issue must have been admitted or actually tried and decided and must be necessary to the final judgment; and (4) the issue must have been identical to the issue involved in the prior suit. EnvironmentalExploration Co. v. Bituminous Fire Marine Ins. (Oct. 16, 2000), Stark App. No. 1999CA00315, 2000 WL 1608908, *3, citing Hicks v. De LaCruz (1977), 52 Ohio St.2d 71.
 {¶ 18} In 2005, the federal court awarded Paramount over $20 million in damages. The federal court's 2005 judgment entry summarily refers to a 2002 default judgment the court awarded in favor of Paramount and against RCCO. Although the federal court's default judgment is not in the record before us, it can be safely assumed that by granting Paramount a default judgment against RCCO, the federal court decided the issue of RCCO's liability in favor of Paramount. However, there is absolutely no evidence that the issue of whether the policy issued by Admiral provided coverage was either admitted or actually tried and decided and was necessary to the federal court's default judgment and damages judgment entry. See Bituminous. As a result, we find that Admiral is not barred by the doctrine of collateral estoppel from litigating issues relating to coverage. Id. at *4.
 {¶ 19} Paramount next argues that the trial court erred by granting summary judgment to Admiral while denying that filed by Paramount on the issue of coverage. Paramount asserts that the claims asserted in its original complaint against RCCO potentially or arguably, if not squarely, fell within the scope of the policy issued to RCCO by Admiral, and did not fall within any of the policy exclusions. Specifically, Paramount asserts that the original complaint contained claims for "property damage" arising out of an "occurrence." *Page 6 
 {¶ 20} "An insurer's duty to defend is broader and distinct from its duty to indemnify. The scope of the allegations in the complaint against the insured determines whether an insurance company has a duty to defend the insured. The insurer must defend the insured in an action when the allegations state a claim that potentially or arguably falls within the liability insurance coverage. However, an insurer need not defend any action or claims within the complaint when all the claims are clearly and indisputably outside the contracted coverage." Ohio Govt. Risk Mgt.Plan v. Harrison, 115 Ohio St.3d 241, 2007-Ohio-4948, ¶ 19 (internal citations omitted).
 {¶ 21} With regard to coverage for bodily injury and property damage, Admiral's policy provides: "We will pay those sums that the insured becomes legally obligated to pay as damages because of `bodily injury' or `property damage' to which this insurance applies. We will have the right and duty to defend the insured against any `suit' seeking those damages. However, we will have no duty to defend the insured against any `suit' seeking damages for `bodily injury' or `property damage' to which this insurance does not apply."
 {¶ 22} The policy further provides that "[t]his insurance applies to `bodily injury' and `property damage' only if (1) the `bodily injury' or `property damage' is caused by an `occurrence' that takes place in the `coverage territory;' and (2) the `bodily injury' or `property damage' occurs during the policy period." An "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."
 {¶ 23} We must therefore review the allegations in the original complaint filed by Paramount against RCCO to determine whether any of the claims potentially or arguably fell within the scope of the insurance policy coverage. That is, we must determine whether the claims made by Paramount constitute "property damage" arising from an "occurrence" as defined by the policy. *Page 7 
 {¶ 24} In the original complaint, Paramount alleged that RCCO underestimated the amount of lumber required; failed to complete the project in a timely fashion; failed to build the Son of Beast according to the parties' contract and the specifications agreed upon by Paramount and RCCO. The complaint also alleged defective design and faulty workmanship. We find that the claims made by Paramount do not arise from an "occurrence" as defined by the policy, for the following reasons.
 {¶ 25} The policy issued by Admiral to RCCO is a commercial general liability ("CGL") policy. It is well-established that a CGL policy does not cover claims of negligent manufacture. Bituminous, 2000 WL 1608908
at *6; Royal Plastics, Inc. v. State Auto. Mut. Ins. Co. (1994),99 Ohio App.3d 211, 226; Heile v. Herrmann (1999), 136 Ohio App.3d 351, 353. That is, a CGL policy such as the one at issue here does not insure against claims for defective or negligent workmanship or construction because defective workmanship does not constitute an "accident," and therefore claims for defective or negligent workmanship do not constitute an occurrence under the policy.
 {¶ 26} The rationale is that CGL policies "are intended to insure the risks of an insured causing damages to other persons and their property, but that the policies are not intended to insure the risks of an insured causing damage to the insured's own work. In other words, the policies do not insure an insured's work itself; rather, the policies generally insure consequential risks that stem from the insured's work."Heile at 353. "Stated differently, a CGL policy will not provide coverage if faulty workmanship is the accident, but will provide coverage if faulty workmanship causes the accident." Westfield Ins. Co.v. Coastal Group, Inc., Lorain App. No. 05CA008664, 2006-Ohio-153, ¶ 12. But see, contra, Acme Constr. Co., Inc. v. Continental Natl.Indemn. Co., Cuyahoga App. No. 81402, 2003-Ohio-434, and Dublin Bldg.Sys. v. Selective Ins. Co. of South Carolina, 172 Ohio App.3d 196,2007-Ohio-494.
 {¶ 27} The claims asserted by Paramount in its original complaint against RCCO *Page 8 
allege defective or negligent workmanship and therefore do not constitute an "accident." As a result, they do not allege an "occurrence" as required by the policy. Paramount asserts, however, in its appellate brief that "RCCO's negligence caused an occurrence. In short, something other than the installation of defective work actually happened. There was an accident. Wood cracked. Property was damaged;" and that "RCCO's defective workmanship caused an event — the breaking of wood on the roller coaster — resulting in damage to [Paramount's] property." However, these allegations regarding the breaking of wood on the Son of Beast are not in the original complaint filed by Paramount against RCCO. Notwithstanding Paramount's assertions on appeal, the original complaint contains absolutely no allegation of "accident," and therefore fails to allege an occurrence within the meaning of the policy.
 {¶ 28} We therefore find that the policy issued to RCCO by Admiral does not provide coverage. Because there was no coverage under the policy, we need not address whether any of the policy's exclusions to coverage apply (and thus, whether the trial court's application of the policy's exclusions was correct).
 {¶ 29} Finally, Paramount argues that the trial court erred by finding that RCCO failed to notify Paramount of the action that resulted in the default judgment. Paramount asserts that insurance coverage cannot be denied for lack of notice when Admiral did in fact receive notice not only of the original complaint filed in the trial court, but also of the lawsuit filed in the federal court by Paramount against RCCO, as admitted in Admiral's answer to the original complaint. A summary of what happened below with regard to the disputed notice can be found under Paramount's third assignment of error. However, in light of our holding that the policy issued by Admiral does not provide coverage, we decline to address this argument.
 {¶ 30} In light of all of the foregoing, we find that the trial court did not err in finding *Page 9 
that Admiral properly denied coverage to RCCO for the claims brought by Paramount in the original complaint. The trial court did not err by granting summary judgment to Admiral. Paramount's first assignment of error is overruled.
 {¶ 31} Assignment of Error No. 2:
 {¶ 32} "THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S ORDER DEEMING ADMIRAL'S LATE-FILED MOTION FOR SUMMARY JUDGMENT AS TIMELY FILED."
 {¶ 33} The trial court's scheduling order provided that if the parties wished to file motions for summary judgment, "said motions shall be filed no later than August 2, 2006." Paramount timely moved for summary judgment. On August 18, 2006, without explanation or motion for leave, Admiral filed a motion for summary judgment as well as a memorandum contra Paramount's motion for summary judgment. In its reply memorandum in favor of its motion, Paramount objected to Admiral's late filing. Admiral did not respond or move for leave. In January 2007, the magistrate issued the following order:
 {¶ 34} "It appearing that [Admiral's] motion for summary judgment was filed August 18, 2006, 16 days past the deadline for Civ.R. 56 motions as established by the scheduling order entered herein on April 4, 2006; and, it further appearing that the subject matter of the above-entitled action lends itself to summary judgment disposition; now therefore, it is ordered that [Admiral] be granted leave to file its motion for summary judgment out of time, and said motion is deemed timely filed as of August 18, 2006."
 {¶ 35} Paramount moved to set aside the magistrate's order on the ground that Admiral's untimely filed motion for summary judgment violated the trial court's scheduling order, Civ.R. 6(B), and the trial court's own local rules (namely, Warren County Local Rules 2.05[C] and [D]). On March 2, 2007, the trial court overruled Paramount's motion to set aside, stating: "The court vests the magistrate with the powers to act in its stead in order to *Page 10 
avoid having to redo matters that are already done. As such, the court grants the discretion for that officer to vary from disposition through technicalities, as he deems proper. The court sees no abuse of discretion."
 {¶ 36} Paramount argues that it was error for the trial court to adopt the magistrate's decision where Admiral failed to comply with the court's scheduling order, Civ.R. 6(B), and the trial court's local rules. The magistrate and the trial court were aware that Admiral did not comply with the scheduling order; the trial court was also aware that Admiral allegedly did not comply with Civ.R. 6(B) or the trial court's local rules. Yet, the trial court found no abuse of discretion in the magistrate's decision. We cannot say that the trial court erred in adopting the magistrate's decision.
 {¶ 37} It is well-settled that a trial court has the inherent power to control its own docket and the progress of the proceedings in its court. See Business Data Sys., Inc. v. Gourmet Café Corp., Summit App. No. 23808, 2008-Ohio-409; Pollock v. Jones (June 23, 2000), Lucas App. No. L-99-1106 (a trial court is invested with broad discretion in controlling its docket and regulating the proceedings before it). Likewise, courts are given great latitude in following their own local rules. See In re TW, Cuyahoga App. Nos. 88360 and 88424, 2007-Ohio-1441;Silverman v. Amer Income Life Ins. Co. of Indianapolis, Franklin App. Nos. 01AP-338,-339, 2001-Ohio-8890. "[L]ocal rules are of the court's own making, procedural in nature, and not substantive principles of law. Accordingly, it has been held that there is no error when, in its sound discretion, the court decides that the peculiar circumstances of a case require deviation from its own rules." Yanik v. Yanik, Summit App. No. 21406, 2003-Ohio-4155, ¶ 9.
 {¶ 38} Finally, absent an abuse of discretion, an appellate court will not reverse a trial court's decision to accept a motion for summary judgment, even if the motion is untimely. Cooper v. Valvoline InstantOil Change, Franklin App. No. 07AP-392, 2007-Ohio-5930, ¶ 8, *Page 11 
citing State ex rel. Precision Casting Co. v. Indus. Comm.,109 Ohio St.3d 237, 2006-Ohio-2287. In addition, an appellate court cannot interfere with a trial court's decision to consider an untimely motion for summary judgment filed without express, prior leave unless there is a clear showing that the allowance of such motion was prejudicial to the appellant's case. Cooper at ¶ 10.
 {¶ 39} We cannot say that the trial court acted arbitrarily, unreasonably, or unconscionably when it adopted the magistrate's order which deemed Admiral's summary judgment motion to be timely filed even though the motion did not comply with the trial court's local rules or scheduling order, or the Ohio Rules of Civil Procedure. Furthermore, Paramount does not allege, let alone establish, that it suffered prejudice as a result of the decision of the magistrate and/or the trial court. Paramount's second assignment of error is accordingly overruled.
 {¶ 40} Assignment of Error No. 3:
 {¶ 41} "THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION GRANTING ADMIRAL'S MOTION TO AMEND ITS ANSWER BY INTERLINEATION, INSTANTER."
 {¶ 42} The record shows that while the parties agree that RCCO notified Admiral of the original lawsuit filed in the trial court by Paramount against RCCO, they disagreed as to whether RCCO notified Admiral of the federal district court action and the subsequent default judgment against RCCO. In its answer to Paramount's declaratory judgment complaint, Admiral denied liability but admitted that "Paramount filed a lawsuit against RCCO in the United States District Court for the Southern District of Ohio * * *, and that RCCO notified Admiral of that lawsuit." By contrast, in its summary judgment motion, Admiral asserted that other than the original complaint filed in the trial court, Admiral received no further communication regarding the lawsuit until 2006. Admiral further asserted that it had never *Page 12 
been advised that the original complaint had been removed to the federal court.
 {¶ 43} In its January 2007 decision granting summary judgment to Admiral, the magistrate found that Admiral never received any pleadings associated with the federal court action; RCCO failed to notify Admiral of the federal court action and the subsequent default judgment against it; and a February 2002 subpoena decus tecum and an October 2002 letter from Paramount to Admiral were insufficient to put Admiral on notice of the claims brought in the federal court.
 {¶ 44} Paramount filed objections to the magistrate's decision on the ground, inter alia, that Admiral had been notified by RCCO of the federal court action as admitted in Admiral's answer. In February 2007, Admiral moved to amend its answer by interlineation, instanter. The motion asserted that its answer was mistaken and did not conform to the evidence in that while RCCO notified Admiral of the original complaint filed against RCCO in the trial court, Admiral was never advised of any further activity, including removal of the action to the federal court. Upon finding that Paramount would not be prejudiced by the amendment, the trial court granted Admiral's motion.
 {¶ 45} Paramount argues that it was prejudicial error for the trial court to allow Admiral to amend its answer where (1) Admiral's admission in its original answer was material and central to a dispositive issue pending before the trial court, and (2) the amendment completely changed the substance of the admission and fundamentally altered a pleading. However, in light of our holding under the first assignment of error that the policy issued by Admiral does not provide coverage, Paramount's third assignment of error is moot.
 {¶ 46} Judgment affirmed.
BRESSLER and POWELL, JJ., concur.
[1] Pursuant to Loc.R. 6(A), we sua sponte removed this appeal from the accelerated calendar. *Page 1