129 F.3d 1072
 97 Cal. Daily Op. Serv. 8801, 97 Daily Journal
D.A.R. 14,273
Helene PERRY, Individually and as the Administrator of the
Estate of Kenneth Perry, Deceased, Plaintiff-Appellant,
v.
HARCO NATIONAL INSURANCE COMPANY, an Illinois Corporation,
Defendant-Appellee.
 No. 96-35806.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 9, 1997.
Decided Nov. 21, 1997.
 
 M. Wayne Boyack, Wilhelm Dingler, Seattle, WA, for plaintiff-appellant.
 Matthew Turetsky, Schwabe, Williamson & Wyatt, Seattle, WA, for defendant-appellee.
 Appeal from the United States District Court for the Western District of Washington; William L. Dwyer, District Judge, Presiding. D.C. No. CV-95-01064-WLD.
 Before: WRIGHT, BOOCHEVER, and TROTT, Circuit Judges.
 TROTT, Circuit Judge:
 
 OVERVIEW
 
 1
 Helene Perry (Appellant), administrator of the estate of her late husband, Kenneth Perry (Perry), appeals the district court's entry of summary judgment for Harco National Insurance Company (Harco). Harco insured Sunset Express, Inc. (Sunset), the motor carrier for whom Appellant's husband was driving when he was killed. Appellant contends the MCS-90 endorsement (Endorsement) in Sunset's insurance policy provided coverage for her husband's death because he was an independent contractor of Sunset's and not an excluded employee. The district court, using the definitions in the regulations mandating the Endorsement, concluded that Perry was an employee for the purpose of the Endorsement. Because Perry was an "employee" under the plain language of the regulations applicable to the endorsement, and therefore was excluded from coverage, we affirm the district court's entry of summary judgment.
 
 BACKGROUND
 
 2
 On April 11, 1990, Perry was killed in an accident while he was driving a truck owned by his employer, M & P Transportation Company, Inc. (M & P), and leased to Sunset.
 
 
 3
 Appellant sought recovery in state court from M & P and Sunset both personally and on behalf of Perry's estate. Sunset, which subsequently dissolved, entered into a consent judgment for $750,000 in consideration for a covenant not to execute. Sunset assigned its rights against Harco, its insurer, to Appellant. Appellant then sued Harco in federal court.
 
 
 4
 The vehicle driven by Perry was not covered by Sunset's insurance policy. The insurance policy, however, did contain an MCS-90 Endorsement for the protection of the public required by Department of Transportation regulations. The Endorsement requires Harco to indemnify Sunset for final judgments finding liability for negligence associated with any of Sunset's vehicles. It specifically excludes liability resulting from injury to or death of Sunset's employees while acting in the course of their employment.
 
 
 5
 Appellant argues that her husband's death was covered by the Endorsement because he was not Sunset's employee, but rather an independent contractor. The district court granted Harco summary judgment because the federal regulations that provide for the Endorsement, include "independent contractors" within the definition of "employees."The district court granted Harco's motion for summary judgment. Appellant filed this appeal.
 
 STANDARD OF REVIEW
 
 6
 We review the district court's grant of summary judgment de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996).
 
 DISCUSSION
 
 7
 Under the authority of the Motor Carrier Safety Act of 1980, 49 U.S.C. § 13906 (Motor Carrier Act), the Secretary of Transportation promulgated the regulations at issue in this case, 49 C.F.R. §§ 387.1, 390.1, and 390.5. The district court relied on the plain language of the regulations when it evaluated Appellant's claim.
 
 
 8
 The Endorsement contained in Sunset's policy is set forth in and mandated by 49 C.F.R. § 387.1. The Endorsement provides insurance for liability "for bodily injury or death of any person ... excluding injury to or death of the insured's employees while engaged in the course of their employment." 49 C.F.R. § 387.1.
 
 
 9
 The relevant definition of "employee" is found in 49 C.F.R. § 390.5. The term is defined as "a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle)." 49 C.F.R. § 390.5. This definition applies to the entire chapter. See 49 C.F.R. § 390.1.
 
 
 10
 For the purpose of the Endorsement, the district court concluded that Perry was an employee of Sunset's "[a]s a matter of law." Therefore, his death was not covered by the Endorsement.
 
 
 11
 Appellant contends this court should depart from the plain language of the regulations because (1) the plain language interpretation does not fulfill some of the purposes of the Motor Carrier Act, and (2) the interpretation produces results that are unfair. For the following reasons, we respectfully reject her contentions.
 
 
 12
 1. The purposes of the Motor Carrier Act.
 
 
 13
 Appellant argues that two purposes of the Motor Carrier Act preclude the district court's construction of the term "employee." One purpose is to protect members of the public from motor carriers' attempts to escape liability for the negligence of drivers by claiming their drivers were independent contractors. See, e.g., Prestige Casualty Co. v. Michigan Mutual Ins. Co., 99 F.3d 1340, 1342-43 (6th Cir.1996) (legislation designed to prevent motor carriers from escaping liability by promoting confusion through leasing arrangements); C.C. v. Roadrunner Trucking, Inc., 823 F.Supp. 913, 918 (D.Utah 1993)("the purpose of the regulatory scheme governing truck leasing was to protect the public from irresponsible leasing arrangements"). A second purpose is to provide "enhanced protection of the health of commercial motor vehicle operators." See 49 U.S.C.App. § 2502 (Supp.1986).
 
 
 14
 From these two purposes, Appellant concludes that the definition of employee found in § 390.5 was "only to eliminate the defense of 'independent contractor' when lessee carriers are sued by third parties for the negligent acts of their drivers." (emphasis added). Thus, she argues, the definition provided by the regulations should not be used to interpret the term "employee" in the Endorsement because doing so neither eliminates the defense of employers against members of the public nor protects drivers.
 
 
 15
 There are three problems with Appellant's argument. First, while the definition of employee in § 390.5 may well have been motivated by the policy rationale Appellant advances, nothing in the Regulations suggests that the definition applies only where it directly fulfills the purposes she cites. To the contrary, the clear language of § 390.1 indicates that the definition applies throughout the chapter.
 
 
 16
 Second, every part of the regulations need not fulfill every purpose of the legislation. Other sections of the regulations are specifically designed to protect drivers, fulfilling the purpose cited by Appellant. See 49 U.S.C. § 31105 ("Employee Protections"), § 31135 ("Duties of Employers and Employees").
 
 
 17
 Finally, the cases cited by plaintiff regarding the construction of the term "employee" do not support her argument. In Shell v. Navajo Freight Lines, the court merely acknowledged that the regulations "eliminate the defense of independent contractor." 693 P.2d 382 (Colo.Ct.App.1984). Furthermore, in Johnson v. S.O.S. Transport, the court held that it was "irrelevant" whether the deceased trucker was an employee or an independent contractor because the terms were synonymous in the regulations. 926 F.2d 516, 524 n. 20 (6th Cir.1991).
 
 
 18
 Thus, neither the purposes of the Motor Carrier Act nor case law preclude the plain language interpretation of the regulations adopted by the district court.
 
 
 19
 2. The results of the district court's construction of employee.
 
 
 20
 According to Appellant, if the district court's opinion is not reversed, "all leased drivers would be left without any source for compensation for injuries or death arising out of the negligence of the parties for whom they were performing contract-based services." This appeal is limited to the construction of the Endorsement in Harco's policy insuring Sunset. We express no opinion whether Appellant had a right to recover from Sunset as specified in the consent judgment. Moreover, Appellant does have a source of compensation for her husband's death: Workers' Compensation. While recovery for Perry's death under Workers' Compensation may have been small, it is the sole remedy available against employers in the state of Washington. See Wash. Rev.Code Ann. § 51.04.010.
 
 
 21
 Appellant argues this court should interpret the Motor Carrier Act to provide a better remedy than Workers' Compensation for drivers of leased trucks. She asks this court to hold for the first time that the federal regulatory scheme creates a cause of action against motor carriers. If such a cause of action exists, she believes, insurers must be required to cover motor carriers' liability. The Endorsement, she argues, would then be available to provide coverage.
 
 
 22
 A split in the circuits exists regarding whether motor carriers are liable under the Motor Carrier Act for injuries to drivers of leased trucks and not just to members of the public. Compare Johnson v. S.O.S. Transport, 926 F.2d 516, 517 (6th Cir.1991) (finding a cause of action), with White v. Excalibur Ins. Co., 599 F.2d 50, 53-54 (5th Cir.1979) (finding no cause of action).[1]
 
 
 23
 The Ninth Circuit has never decided whether the federal regulatory scheme creates a cause of action against motor carriers. We decline to do so here. Even if we were to find a cause of action, the Endorsement, by its plain language, still would not provide coverage.
 
 CONCLUSION
 
 24
 We affirm the district court's entry of summary judgment for Harco. The plain language of the Regulations is clear: independent contractors are considered employees. Perry was an employee for the purposes of the Endorsement. Therefore, he is excluded from the Endorsement's coverage.
 
 
 25
 AFFIRMED.
 
 
 
 [1]
 Appellant cites Proctor v. Colonial Refrigerated Transportation in support of finding a cause of action for drivers. 494 F.2d 89 (4th Cir.1974). While that case involved the death of an individual who was a truck driver, the individual had no relationship to the motor carrier being sued and was not killed in the course of employment. Id. at 92. Thus, he was a member of the public for the purposes of the case. Id